# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY MCPHERSON *a/k/a* MAKAL B. MKFARSON,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:25-cv-01643-JLT-SAB

FINDINGS AND RECOMMENDATION RECOMMENDING ACTION BE DISMISSED FOR FRIVOLITY

(ECF No. 1)

**FOURTEEN DAY DEADLINE**

Plaintiff Michael Bruce Anthony McPherson, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against the United States of America.  (ECF No. 1.)  This Court previously granted Plaintiff's application to proceed *in forma pauperis*.  (ECF No. 7.)  The Court now undertakes screening of the complaint.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint, or portion thereof, if the prisoner-plaintiff has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous where "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the arguable legal conclusion, but also the fanciful factual allegation." Id. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1060-61 (9th Cir 2007).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In addition, to survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against the United States of America under federal question jurisdiction for the withholding of real property. (ECF No. 1, p. 3.) In his complaint, Plaintiff alleges:

> I have the right not be deprived of real property and the right not to be lied to. The government lied to me about my true nature as an Afrakan and deprived me of my true name and it's Afrakan pronunciation. The government deprived me of "my true & absolute knowledge" how in "my Afrakan name" I have "real property, land and that I am God" with a "forever life estate." (Death will never occur or exist in my life because who I am.) That's a huge problem to be deprived of what's "absolutely mine" by nature, natural law, equity, and alienation." I was also deprived of my real property through government

2

> manipulation of a "Free Afrakan education" how the iluminaty [sic] murdered and raped my "Grand Master Mason" to cover up the Afrakan name. "The Afrakan name leads to maps, population, humans, property, land, waters, estates, and the rightful owner of the whole world." When the "Grand Master Mason" found (USA) it was "land," everything that "My Grand Master Mason" travel the sea on the "Ark" to "my country" from "mine Afrakan land" belongs "in absolute to me." (The maxim that whatever grows in the soil is a part thereof, and can only be removed by human with the paramount rights and title.).

(Id.) Plaintiff claims his injuries are annoyance and discomfort, nuisance, mental distress, loss use, deprived of real property with slander to name, disrespect to his Afrakan name, discrimination, wrongful removal, harassment, racial discrimination, government manipulations, and actual damage to land. (Id.)

In his prayer for relief, Plaintiff prays for: (1) declaratory judgments; (2) mandatory injunction; (3) equitable relief; (4) "acknowledge the truth without judgment"; (4) fair and just relief; (5) "in absolute possession" of the United States of America; (6) "contact[ing] [the] news to assure [his] ownership and change in government"; (7) acknowledgement of authentication of notarized document; (8) acknowledgment of notary jurat form that it gives legal effect; (9) "security until [he is] in full possession to make great decisions for humans on [his] land in [his] country"; (10) respect for his "family, life, name, land, and [] rights"; (11) no illegal interference; and (12) "respect law and laws of nature." (Id. at p. 10.)

**III.**

**DISCUSSION**

**A. Plaintiff's Complaint is Frivolous**

The Court recommends that this action be dismissed because it is factually frivolous. Plaintiff alleges that the government deprived him of his "Afrakan name," concealed his "true nature," and withheld that he has real property and holds a "forever life estate" as God. Plaintiff further claims that the government deprived him of real property through manipulation of a "Free Afrakan education," which allegedly involved the Illuminati murdering and raping his "Grand Master Mason" to conceal the Afrakan name. These claims contain no factual allegations beyond "fantastical claims" and "delusional scenarios." See Neitzke, 490 U.S. at 325. Having thoroughly

3

reviewed the complaint, the undersigned concludes that the allegations lack an arguable basis in law and fact. For this reason, the Court recommends that the complaint be dismissed.

### B. Leave to Amend is Not Appropriate

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Bonin v. Calderon, 59F.3d 815, 845 (9th Cir. 1995).

In this instance, it appears that granting leave to amend would be futile. As described above, Plaintiff's allegations in the complaint are inherently fantastical. Accordingly, the undersigned recommends that leave to amend should not be granted.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint (ECF No. 1) be DISMISSED without leave to amend, and that the Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court, limited to 15 pages in length, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

(9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 19, 2026**

STANLEY A. BOONE
United States Magistrate Judge

5